IN THE INTEREST OF K.D. (FC-S No. 07-11248) and
IN THE INTEREST OF "D" CHILDREN: K.P.D., K.D.(1), C.D., K.D.(2), K.D.(3) (FC-S No. 06-10845)
Nos. 28831, 28832
Intermediate Court of Appeals of Hawaii.
September 30, 2008.
On the briefs:
Dean T. Nagamine, for Father-Appellant.
Tae W. Kim, for Mother-Appellee/Cross-Appellant.
Kurt J. Shimamoto, Mary Anne Magnier, Deputy Attorneys General, for Petitioner-Appellee/Cross-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., FUJISE and LEONARD, JJ.
This is an appeal by Father-Appellant (Father) and Mother-Appellee/Cross-Appellant (Mother) from the Order Awarding Permanent Custody filed on October 18, 2007, in FC-S No. 06-10845 relating to D Children K.P.D.,[1] K.D.(1), C.D., K.D.(2), and K.D.(3) (Appeal No. 28832) and from the Order Awarding Permanent Custody filed on October 18, 2007, in FC-S No. 07-11248 relating to K.D. (Appeal No. 28831).[2] K.P.D., K.D.(1), C.D., K.D.(2), K.D.(3), and K.D. are collectively referred to as the D Children.
On appeal, Mother argues[3] that (1) there was not clear and convincing evidence that Mother was unwilling and unable to provide the children with a safe family home with the assistance of a service plan within a reasonable period of time; (2) the Department of Human Services (DHS) did not exert reasonable efforts to reunify D Children with Mother; and (3) the granting of permanent custody was premature as to K.D.
Father challenges a number of the family court's findings of fact and conclusions of law[4] and argues that DHS erred when it determined that he was not willing to provide a safe home and in pursuing permanent custody in lieu of other alternatives, such as guardianship. It was the family court's decision to award permanent custody of the D Children, not DHS's. However, as the family court's decision was based on the evidence presented and recommendations made by DHS, we take these arguments to be a challenge to the sufficiency of the evidence supporting that decision.
The standard of review applicable to the issues raised by Father and Mother is the clearly erroneous standard of review. In re Jane Doe, 95 Hawai`i 183, 190, 20 P.3d 616, 623 (2001); see also In re Jane Doe, 103 Hawai`i 130, 135, 80 P.3d 20, 25 (App.2003). The determination of witness credibility is left to the family court.
It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact.
Fisher v. Fisher, 111 Hawai`i 41, 46, 137 P.3d 355, 360 (2006) (quoting In re Jane Doe, 95 Hawai`i 183, 190, 20 P.3d 616, 623 (2001)).
The evidence showed that Mother failed to enroll in a domestic violence class, did not attend parenting classes, did not attend individual therapy/family counseling, and either tested positive for illicit drugs or failed to participate in random drug testing over ten times.[5]
The evidence also showed that Father failed to enter a substance abuse program, tested positive for illicit drugs or failed to participate in random drug testing fifteen times, and failed to attend a DHS-approved parenting program. Although Father did complete a domestic violence program, a subsequent incident of domestic violence supports a conclusion that Father was not able to generalize what he had learned from the program.
There was substantial evidence that Mother and Father (1) failed to avail themselves of required services for a period of over a year and to participate in random drug testing, and (2) continued to participate in domestic violence in spite of domestic violence training attended by Father. The family court's determinations that (1) Mother and Father were not willing and able to provide a safe family home for the children and (2) it was not reasonably foreseeable that Mother and Father would become willing and able to provide a safe family home within a reasonable period of time, were therefore not clearly erroneous.
In light of the family court's determination that Father and Mother were not willing and able to provide a safe family home for the D Children, including K.D., and the fact that K.D. had only been with Mother for three days prior to placement in foster custody and was thriving in foster care, the family court's determination that the Permanent Plan was in the best interest of K.D. was not clear error. Similarly, with respect to the remaining D Children, the family court's uncontested determination that they had stabilized and improved since their removal from Mother and Father's care and placement in foster custody in conjunction with the family court's determination that Mother and Father were unable to provide a safe home for them, leads us to conclude that the family court's determination that the Permanent Plan was in the best interest of the D Children other than K.D. was not clear error.
Therefore,
IT IS HEREBY ORDERED that the Order Awarding Permanent Custody, filed on October 18, 2007 in FC-S No. 06-10845 relating to D Children K.P.D., K.D.(1), C.D., K.D.(2), and K.D.(3) (Appeal No. 28832) and the Order Awarding Permanent Custody filed on October 18, 2007 in FC-S No. 07-11248 relating to K.D. (Appeal No. 28831), in the Family Court of the First Circuit are affirmed.
NOTES
[1] K.P.D. attained the age of eighteen on July 30, 2008.
[2] The Honorable Christine E. Kuriyama, Family Court of the First Circuit Court (family court), issued both orders.
[3] The points of error in Mother's opening brief consist of quotations of numerous findings of fact without explanation and without supporting argument in the argument section. Points of error that are not argued are waived. City & County of Honolulu v. Hsiung, 109 Hawai`i 159, 180, 124 P.3d 434, 455 (2005).

Nevertheless, as the appellate courts in this jurisdiction have adhered to the policy of "affording litigants the opportunity to have their cases heard on the merits, where possible," Morgan v. Planning Dept., County of Kauai, 104 Hawai`i 173, 181, 86 P.3d 982, 990 (2004) (citation and internal quotation marks omitted) and parents have a "substantive liberty interest in the case, custody, and control of" their children, In re A Children, Nos. 28129 and 28130, 2008 WL 2931637, at *15 (App. July 31, 2008) (citation and internal quotation marks omitted), we will treat Mother's appeal as challenging the sufficiency of the evidence supporting the orders awarding permanent custody appealed from in this case.
[4] Father also fails to support his points on appeal with argument in the argument section of his brief in violation of Hawai`i Rules of Appellate Procedure Rule 28(b)(7). See note 3, supra.
[5] The family court finding that Mother did not participate in any substance abuse treatment from March 2006 until October 2007, as conceded by DHS, is not supported by the record and is clearly erroneous. There was uncontroverted evidence that Mother had attended substance abuse treatment at Hina Mauka in May 2006. Her completion of the program was unconfirmed. Although this finding was clearly erroneous, evidence of mere attendance at a program without evidence of completion and the confirmation of success from random drug testing would not change the result and consequently, was harmless.